# EXHIBIT A

State's Motion to Set Execution

Alabama Supreme Court

*State of Alabama v Demetrius Frazier*

Case No.: 1981111

# IN THE SUPREME COURT OF ALABAMA

EX PARTE DEMETRIUS FRAZIER, )
)
In re: State of Alabama, )
)
    Petitioner, )
)
v. ) No. _____
)
Demetrius Frazier, )
)
    Respondent. )

## STATE OF ALABAMA'S MOTION TO SET AN EXECUTION DATE

Pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, the State of Alabama respectfully requests that this Honorable Court issue an order authorizing the execution of Demetrius Frazier's duly-adjudicated sentence of death. In support of its motion, the State asserts the following:

Demetrius Frazier currently resides on Alabama's death row, where he has spent the last twenty-seven years. As described below, Frazier murdered Pauline Brown in November 1991. As a result of this murder, Frazier was convicted of murder during a robbery in violation of Ala. Code, §13A-5-40(a)(2). Frazier was subsequently sentenced to death. Because Frazier has exhausted

all three layers of appellate review (direct appeal, Rule 32, and federal habeas), the State now seeks execution of Frazier's duly-adjudicated death sentence.

The State of Alabama previously moved this Court to authorize the execution of Frazier's sentence in 2014. The State asked the Court to hold that motion in abeyance due to litigation challenging the State's lethal injection protocol. In June 2018, Frazier elected nitrogen hypoxia as his preferred method of execution. The Alabama Department of Corrections is prepared to carry out Frazier's execution by this method of execution.

## I.   Frazier has fully exhausted his appeals.

### A.   Facts of the Crime

This Court summarized the facts of this case in its December 30, 1999, opinion, as follows:

> Frazier was arrested in Detroit, Michigan, in March 1992, on a charge not related to the present case. While in the custody of the Detroit Police Department, Frazier was interrogated by Detective Kenneth Bresnahan. During this interrogation, Frazier confessed to the murder of a woman in Fountain Heights Apartments at Birmingham, Alabama. Detective Bresnahan contacted the Birmingham Police Department. Detective Kenneth Glass of the Birmingham Police Department traveled to Detroit to

2

> further interrogate Frazier. Frazier gave Detective Glass a statement, which was recorded on audiotape. In that statement, Frazier again confessed to the murder.
>
> His statement related the following facts: Early on the morning of November 26, 1991, Frazier saw a light on in Pauline Brown's ground-floor apartment at the Fountain Heights Apartment complex in Birmingham. He removed a screen and entered the apartment through a window. Frazier searched the apartment and found $5 or $10 in one of the bedrooms. Frazier then heard a television set on in one of the other bedrooms and went to that bedroom to see if anyone was there. He found Ms. Brown asleep in the bedroom. He awakened her. Armed with a .22 caliber pistol, he demanded more money. Ms. Brown gave him $80 from her purse. Frazier then forced her at gunpoint to have sexual intercourse with him. While he was raping her, Ms. Brown begged Frazier not to kill her. When Ms. Brown refused to stop begging for her life, Frazier put the pistol to the back of her head and fired the gun. Fearing that someone had heard the gunshot, Frazier left the apartment. He went across the street to see if anyone had heard the shot. Satisfied that no one had heard the shot, he returned to the apartment. He searched the apartment for more money and confirmed that Ms. Brown was dead. He then went to the kitchen, ate two bananas, and left the apartment. He threw the pistol in a ditch.

*Ex parte Frazier*, 758 So. 2d 611, 611-612 (Ala. 1999).

### B. Procedural History

On June 5, 1996, Demetrius Frazier was convicted of one count of capital murder for the death of Pauline Brown.

3

Specifically, Frazier was found guilty of murder during a robbery in violation of Ala. Code §13A-5-40(a)(2). Following a sentencing hearing, the jury recommended that Frazier be sentenced to death by a 10-to-2 vote. On August 8, 1996, the trial court accepted the jury's recommendation and sentenced Frazier to death.

On direct appeal, the Alabama Court of Criminal Appeals and this Court affirmed Frazier's conviction and death sentence for the capital murder and robbery of Pauline Brown. *Frazier v. State*, 758 So. 2d 577 (Ala. Crim. App.), *aff'd*, 758 So. 2d 611 (Ala. 1999). On October 2, 2000, the United States Supreme Court denied Frazier's petition for writ of certiorari. *Frazier v. Alabama*, 531 U.S. 843 (2000).

Frazier filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure on September 24, 2001. The State filed an answer to the post-conviction petition on January 31, 2002. On February 8, 2002, the trial court summarily denied the post-conviction petition in a one-page docket entry. On March 19, 2002, Frazier's counsel filed an "Emergency Motion to Reconsider and Withdraw the Case Action Summary Sheet

denying his Rule 32 petition, and in the Alternative, to Withdraw its Case Action Summary Sheet, enter a new order, and ensure that petitioner is promptly notified of that order." Frazier also filed an amended Rule 32 petition on this date. The claims in the amended petition were exactly the same as the claims in the original petition, except that Frazier added a juror misconduct claim.

On March 21, 2002, Frazier filed a notice of appeal. The State filed a motion to strike Frazier's motion for reconsideration and alleged that the trial court had no authority to consider such a post-judgment motion under Rule 32 of the Alabama Rules of Criminal Procedure. On April 3, 2002, the trial court granted the State's motion to strike Frazier's motion to reconsider.

On appeal, the Alabama Court of Criminal Appeals remanded the case with instructions that the trial court correct numerous deficiencies in its judgment and ordered the trial court to conduct an evidentiary hearing if required. *Frazier v. State*, 884 So. 2d 908 (Ala. Crim. App. 2003). The Alabama Court of Criminal Appeals also held that the juror misconduct claim could not be

heard because "it was filed after the appellant had knowledge that his original petition had been denied, and [it was filed] beyond the two year statute of limitations period." *Id.*, at 911.

On March 7, 2003, the trial court denied relief on the claims in the Rule 32 petition without holding an evidentiary hearing. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on August 15, 2003, in an unpublished opinion. This Court denied Frazier's petition for writ of certiorari on January 30, 2004.

Frazier filed a petition for writ of habeas corpus on February 3, 2004. He filed an amended habeas petition on May 10, 2004. The State of Alabama filed its answer to the amended habeas petition on July 6, 2004, and a corrected answer on July 12, 2004. On September 28, 2007, Judge R. David Proctor entered a memorandum opinion and final judgment denying the habeas petition. Frazier filed a motion to alter or amend judgment on October 15, 2007. This motion was denied on September 22, 2008. The Eleventh Circuit Court of Appeals affirmed the denial of the

habeas petition on October 25, 2011. *Frazier v. Bouchard*, 661 F.2d 519 (11th Cir. 2011).

Frazier then filed a petition for writ of certiorari in the United States Supreme Court. The United States Supreme Court denied Frazier's certiorari petition on October 1, 2012.

## CONCLUSION

There are currently no pending challenges to the validity of Frazier's conviction and death sentence. Frazier has exhausted his direct appeal, his state post-conviction remedies, and his federal habeas corpus remedies. As such, it is time for his sentence to be carried out. Pursuant to Rule 8(d)(1) of the Alabama Rules of Appellate Procedure, the State requests that this Court issue an order authorizing the Governor to set a timeframe for the execution of Frazier's lawful sentence of death.

                          Respectfully submitted,

                          STEVE MARSHALL
                          *Attorney General*
                          BY—

                          */s/ Beth Jackson Hughes*
                          Beth Jackson Hughes
                          *Assistant Attorney General*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limitation set forth in ALA. R. APP. P. 27. This motion contains 1,262 words, including all headings, footnotes, and quotations, and excluding the parts of the motion exempted under ALA. R. APP. P. 32(c).

I further certify that this motion complies with the font requirements set forth in ALA. R. APP. P. 32(a)(7). This motion was prepared in 14-point Century Schoolbook font.

*Beth Jackson Hughes*
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024, I filed the foregoing with the clerk of the court. I also served a copy of the foregoing on Demetrius Frazier by United States Mail, first-class postage prepaid and addressed as follows:

> Demetrius Frazier, Z608
> Holman 3700
> William C. Holman Correctional Facility
> Atmore, AL 36503-3700

Additionally, I served a copy upon counsel for Frazier by electronic mail, addressed as follows:

> John A. Palombi, Esq,
> John_Palombi@fd.org

*/s/ Beth Jackson Hughes*
Beth Jackson Hughes
*Assistant Attorney General*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
(334) 242-7392 Office

9